# UNITED STATES DISTRICT COURT
## for the
### MIDDLE District of PENNSYLVANIA

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  5:18-MJ-75 |
| JEFFREY G. BOYD ) | |
| *Defendant* ) | |

FILED
WILKES-BARRE

Per _____

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

x Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

 ☐ (1) the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

  ☐ (a) a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

  ☐ (b) an offense for which the maximum sentence is life imprisonment or death; **or**

  ☐ (c) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

  ☐ (d) any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

  ☐ (e) any felony that is not otherwise a crime of violence but involves:
   (i) a minor victim; (ii) the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); (iii) any other dangerous weapon; or (iv) a failure to register under 18 U.S.C. § 2250; **and**

 ☐ (2) the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

 ☐ (3) the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

 ☐ (4) a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472 (Rev. 11/16) Order of Detention Pending Trial

**B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

- ☐ (1) an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);
- ☐ (2) an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;
- ☐ (3) an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;
- ☐ (4) an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**
- ☐ (5) an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

**C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

- x By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

- X By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

- x Weight of evidence against the defendant is strong
- ☐ Subject to lengthy period of incarceration if convicted
- ☐ Prior criminal history
- ☐ Participation in criminal activity while on probation, parole, or supervision
- ☐ History of violence or use of weapons
- ☐ History of alcohol or substance abuse
- x Lack of stable employment
- ☐ Lack of stable residence
- ☐ Lack of financially responsible sureties

    x  Lack of significant community or family ties to this district
    ☐  Significant family or other ties outside the United States
    ☐  Lack of legal status in the United States
    ☐  Subject to removal or deportation after serving any period of incarceration
    ☐  Prior failure to appear in court as ordered
    ☐  Prior attempt(s) to evade law enforcement
    ☐  Use of alias(es) or false documents
    ☐  Background information unknown or unverified
    ☐  Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:
At the hearing, counsel for the government moved for detention and contended that the rebuttable presumption, that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community, applied. Counsel for the defendant conceded that the presumption applied. Following the hearing, the Court doubted the application of the presumption and scheduled a conference call, which was conducted on this date. During the conference, it was agreed that the presumption did not apply. Counsel for the defendant asked the Court to reconsider its decision without the application of the presumption and without reopening the hearing. Further, defense counsel requested that our decision be decided on the record as made during the hearing conducted on August 13, 2018.

We base our decision herein as if the presumption did not apply, and we incorporate by reference our analysis of the factors set out in 18 U.S.C. § 3142(g) as stated on the record at the hearing. A summary of the analysis is as follows:

The weight of evidence against defendant is significant. There is a protective order issued by the District Court of Tulsa County, Oklahoma, against defendant as to his ex-wife in Oklahoma which prohibits him from possessing firearms and requires him to refrain from conduct that would place protected persons in reasonable fear of bodily injury. Defendant traveled over 22 hours straight from Tulsa, Oklahoma, to Pennsylvania to visit a person who he only knew through social media. Defendant told this person that he hears voices that told him to kill President Trump and members of his immediate family. When defendant was stopped in Pennsylvania by law enforcement, he was in possession of a firearm and ammunition and admitted to owning firearms which are located in his home in Oklahoma, despite the court order requiring him to surrender all firearms in his possession or control.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:     August 14, 2018               *Joseph F. Saporito, Jr.*
                                                                              United States Magistrate Judge